# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE VILLANUEVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  H-02-4122 |
| | § | |
| RICK THALER, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Jorge Villanueva filed a federal petition for a writ of habeas corpus in 2002 challenging his Texas state capital conviction and death sentence.  On September 23, 2003, this court stayed and administratively closed this case so that Villanueva could test genetic material and litigate remaining issues in state court.  This court ordered Villanueva to "expeditiously seek retesting in state court" and move to reinstate his federal case within "thirty days from either (1) the date the DNA testing is completed or (2) the date the state courts finish adjudicating a successive habeas application based on the DNA retesting."  (Docket Entry No. 15 at 2-3).

The respondent recently filed a motion seeking to reopen these proceedings.  The DNA testing that was completed in 2005 did not produce a result because the available material was "insufficient or excessively degraded DNA."  (Docket Entry No. 17 at 2).  The court denied the respondent's motion, without prejudice.  (Docket Entry No. 19).  However, the circumstances require reconsideration of whether federal jurisdiction is necessary at this time.  The attorney initially appointed to represent Villanueva in federal court has informed the court that:  (1)

biological samples were preserved after the 2005 testing; (2) commercially available DNA testing procedures cannot yet obtain valid results for the preserved genetic material in this case; (3) counsel hoped that scientific advances will allow the material to be tested adequately in the future; and (4) no attorney now represents Villanueva in state court. (Docket Entry No. 20). In sum, there has been no active state challenge to Villanueva's conviction and sentence since 2005.

Federal district courts may place "reasonable time limits on a petitioner's trip to state court and back" because a prolonged federal stay "frustrate[s the Anti-Terrorism and Effective Death Penalty Act's] goal of finality by dragging out indefinitely . . . federal habeas review." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The court sets a status and scheduling conference to address whether renewed federal jurisdiction is appropriate at this time. The parties should also be prepared to discuss whether, under the Supreme Court's interpretation of 18 U.S.C. § 3599(e) in *Harbison v. Bell*, ___ U.S. ____, 129 S. Ct. 1481 (2009), the federal system will remunerate appointed counsel for work in state court should the circumstances necessitate a continued stay of these proceedings.

The conference is set for **January 12, 2011**, at 3:30 p.m. in Courtroom 11-B.

SIGNED on December 1, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge